HG_answer1.doc F1

Carl E. Person
Attorney for Defendant
325 W. 45th Street – Suite 201
New York NY 10036-3803
Telephone: (212) 307-4444
Facsimile: (212) 307-0247
carlpers@ix.netcom.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :    ECF CASE
PROX INTERNATIONAL CO., INC.,                                    :
                                                                 :    07 CV 3256 (RJH)
                              Plaintiff,                         :
                                                                 :    **ANSWER**
            -against-                                            :
                                                                 :
HEYS USA INC.,                                                   :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------x

      Defendant, Heys USA Inc. (the "Defendant" or "Heys"), by its attorney, hereby answers the Complaint of Porox International Co., Inc. (the "Plaintiff" or "Porox"), as follows:

      1.    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 1 of the Complaint.

      2.    ADMITS each of the allegations in ¶ 2 of the Complaint.

      3.    ADMITS each of the allegations in ¶ 3 of the Complaint, except DENIES that Defendant is liable to the Plaintiff as to any of the matters alleged.

      4.    DENIES each of the allegations in ¶ 4 of the Complaint.

      5.    DENIES each of the allegations in ¶ 5 of the Complaint.

[Count I - Alleged Trademark Counterfeiting - Plaintiff's heading]

6. Defendant hereby incorporates by reference paragraphs 1 through 5 with the same force and effect as if they were here reproduced and realleged.

7. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 7 of the Complaint.

8. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 8 of the Complaint.

9. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 9 of the Complaint.

10. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 10 of the Complaint.

11. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 11 of the Complaint.

12. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint.

14. DENIES each of the allegations in ¶ 14 of the Complaint.

15. DENIES each of the allegations in ¶ 15 of the Complaint.

16. DENIES each of the allegations in ¶ 16 of the Complaint.

[Count II - Alleged Infringement of Trademarks - Plaintiff's heading]

17. Defendant hereby incorporates by reference paragraphs 1 through 16 with the same force and effect as if they were here reproduced and realleged.

18. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 18 of the Complaint.

19. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 19 of the Complaint.

20. DENIES each of the allegations in the first sentence of ¶ 20 of the Complaint, and DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 20 of the Complaint.

21. DENIES each of the allegations in the first sentence of ¶ 21 of the Complaint.

[Count III - Alleged Federal Unfair Competition - Plaintiff's heading]

22. Defendant hereby incorporates by reference paragraphs 1 through 21 with the same force and effect as if they were here reproduced and realleged.

23. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 23 of the Complaint.

24. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 24 of the Complaint.

25. DENIES each of the allegations in the first sentence of ¶ 25 of the Complaint.

26. DENIES each of the allegations in the first sentence of ¶ 26 of the Complaint.

27. DENIES each of the allegations in the first sentence of ¶ 27 of the Complaint.

[Count IV - Alleged Violation of Sections 349 and 360-I of the
New York General Business Law - Plaintiff's heading]

28.　　Defendant hereby incorporates by reference paragraphs 1 through 27 with the same force and effect as if they were here reproduced and realleged.

29.　　DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 29 of the Complaint.

20.　　DENIES each of the allegations in ¶ 30 of the Complaint.

31.　　DENIES each of the allegations in ¶ 31 of the Complaint.

32.　　DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 32 of the Complaint.

33.　　DENIES each of the allegations in ¶ 33 of the Complaint.

[Count V - Alleged Common Law Trademark Infringement - Plaintiff's heading]

34.　　Defendant hereby incorporates by reference paragraphs 1 through 33 with the same force and effect as if they were here reproduced and realleged.

35.　　DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 35 of the Complaint.

36.　　DENIES each of the allegations in ¶ 36 of the Complaint.

37.　　DENIES each of the allegations in ¶ 37 of the Complaint.

## AFFIRMATIVE DEFENSES

### 1st Affirmative Defense

33..　　All or part of Plaintiff's claim is barred by the applicable Statute of Limitations.

### 2nd Affirmative Defense

34..　　Lack of personal jurisdiction.

### 3rd Affirmative Defense

35..  Improper venue (by reason of lack of personal jurisdiction).

### 4th Affirmative Defense

36..  Failure to state a claim.

### 5th Affirmative Defense

37..  *De minimis* as to Plaintiff's alleged monetary damages. The items at issue were sitting for more than 4 years as a dead item in the Defendant's warehouse and Defendant then decided in early 2007 to offer them as a closeout. The number of units was not more than 500, and the closeout price was $1.00 (or a total of $500) (invoice # 114710, dated 03/27/07, allocated), involving a loss to the Defendant of $3.85 each (or a total loss for Defendant of about $1,300), including duty and freight [see Invoice No. C8068, dated 9/4/1998 - "ST-72 ORGANIZER BAG IN PVC MAT."].

### 6th Affirmative Defense

38..  Upon information and belief, the source of the items (C & C Fashion Products, in Kowloon, Hong Kong) was an authorized distributor for the Plaintiff and/or was owned or controlled by the Plaintiff during 1998. Accordingly, the items at issue are not counterfeit, unauthorized or illegal as to the Defendant.

### PRAYER

**WHEREFORE**, the Defendant respectfully requests that the Complaint be dismissed with costs and disbursements and attorneys' fees, and with such other and further relief as this Court may deem just and proper.

## Jury Demand

Defendant hereby demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

New York, New York
July 2, 2007

*/s/ Carl E. Person*

Carl E. Person  (CP 7637)
Attorney for Defendant,
　Heys USA Inc.
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
POROX INTERNATIONAL CO., INC.,                :     ECF CASE
                                              :
                                              :     07 CV 3256 (RJH)
                   Plaintiff,                 :
                                              :     PROOF OF SERVICE
        -against-                             :
                                              :
HEYS USA INC.,                                :
                                              :
                   Defendant.                 :
                                              :
-----------------------------------------------------------------x

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on July 2, 2007, I served a true copy of the foregoing

                              ANSWER

dated July 2, 2007, on the attorneys for the Plaintiff, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of said attorneys, as follows:

        Steven Bennett, Esq.
        Bennett Law Offices
        621 Fifth Avenue - Suite 1700
        New York NY  10176

Dated: New York, New York
      July 2, 2007

                                              By _____
                                                     Carl E. Person (CP 7637)