HU_M1_Memo_Supp_Motion_Withdraw.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
POROX INTERNATIONAL CO., INC.,

                                  Plaintiff,

       -against-

HEYS USA INC.,

                                Defendant.
-------------------------------------------------------------------X

ECF CASE

07 CV 3256 (RJH)

## MEMORANDUM OF LAW IN SUPPORT OF ATTORNEY CARL E. PERSON'S MOTION TO WITHDRAW AS ATTORNEY FOR THE DEFENDANT

This memorandum of law is submitted in support of the motion by attorney Carl E. Person ("Person") for an Order granting Person

(1) permission to withdraw as attorney for Defendant, Heys USA, Inc., and an order so relieving him as counsel;

(2) an adjournment and/or stay of all proceedings to permit the Defendant to obtain other counsel; and

(3) such other and further relief as the Court deems just and proper.

## STATEMENT OF FACTS

Heys USA, Inc. is generally non-cooperative in its defense by failing to respond on a timely basis, which increases the time required to be spent in the representation. Also, there is a fundamental disagreement in how the defense should be conducted. Also, I have not been paid for four months, even though I have sent out statements dated July 16, 2007, October 7, 2007

1

and October 29, 2007. None of these statements has been paid. The client currently owes me $3,429.90 as of October 29, 2007.

Because of the foregoing, I cannot effectively or professionally represent the Defendant any longer.

I am serving a copy of my moving papers by mail on the Defendant, to its last-known address, as set forth in the accompanying proof of service, and by mail on the attorneys for the Plaintiff.

## THE LAW

In *Green v. Gasparini*, 24 A.D.3d 505, 808 N.Y>S.2d 292 (2nd Dept. 2005), the Appellate Division reversed a lower court decision refusing to grant an attorney's motion to withdraw, stating:

> Under the facts of this case, the Supreme Court improvidently exercised its discretion in denying the appellant's motion for leave to withdraw as counsel for the plaintiff. A lawyer may withdraw from representing a client, if the client, by his or her conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110[C][1][d] [22 NYCRR 1200.15(c)(1)(d) ] ). Here, the appellant demonstrated good cause in support of its motion for leave to withdraw as the plaintiff's counsel ( *see McCormack v. Kamalian*, 10 A.D.3d 679, 781 N.Y.S.2d 743; *Walker v. Mount Vernon Hosp.*, 5 A.D.3d 590, 772 N.Y.S.2d 832; *Bok v. Werner*, 9 A.D.3d 318, 780 N.Y.S.2d 332; *Tartaglione v. Tiffany*, 280 A.D.2d 543, 720 N.Y.S.2d 404). Accordingly, the motion should have been granted.

Non-payment of legal fees is an appropriate basis for granting an attorney's motion to withdraw as counsel. *Wilcox v. Kraus*, 267 A.D.2d 563, 698 N.Y.S.2d 572 (3rd Dept. 1999) (one of two reasons); *Charney v. North Jersey Trading Corp.*, 150 Misc.2d 849, 578 N.Y.S.2d 100 (Sup. Ct., N.Y. Co., 1991); *Statue of Liberty--Ellis Island Foundation, Inc. v. International*

*United Industries, Inc.*, 110 F.R.D. 395 (S.D.N.Y. 1986) (one of two reasons); and *McGuire v. Wilson*, 735 Fed. Supp. 83 (S.D.N.Y. 1990) (one of two reasons).

In *Green v. Gasparini*, 24 A.D.3d 505, 808 N.Y.S.2d 292 (2nd Dept. 2005), the Appellate Division reversed a lower court decision refusing to grant an attorney's motion to withdraw, stating:

> Under the facts of this case, the Supreme Court improvidently exercised its discretion in denying the appellant's motion for leave to withdraw as counsel for the plaintiff. A lawyer may withdraw from representing a client, if the client, by his or her conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110[C][1][d] [22 NYCRR 1200.15(c)(1)(d) ] ). Here, the appellant demonstrated good cause in support of its motion for leave to withdraw as the plaintiff's counsel ( see *McCormack v. Kamalian*, 10 A.D.3d 679, 781 N.Y.S.2d 743; *Walker v. Mount Vernon Hosp.*, 5 A.D.3d 590, 772 N.Y.S.2d 832; *Bok v. Werner*, 9 A.D.3d 318, 780 N.Y.S.2d 332; *Tartaglione v. Tiffany*, 280 A.D.2d 543, 720 N.Y.S.2d 404). Accordingly, the motion should have been granted.

The Defendant, through its lack of cooperation, fundamental disagreement on the way the representation is being conducted, and unwillingness to pay my outstanding legal bills, has made it unreasonably difficult for me to carry out my representation, and to do so effectively.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully requests that his motion be granted in its entirety.

Dated:   New York, New York
         November 6, 2007

*[signature]*

Carl E. Person   (CP 7637)
Withdrawing Attorney for Defendant,
   Heys USA, Inc.
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444

CERTIFICATE OF SERVICE

**Carl E. Person** hereby declares, pursuant to the penalties of perjury under 28 U.S.C. § 1746, that the following statements are true and correct:

I am not a party to this action, am over 18 years of age, and on November 6, 2007, I served a true copy of the foregoing

MEMORANDUM OF LAW IN SUPPORT OF
ATTORNEY CARL E. PERSON'S MOTION TO
WITHDRAW AS ATTORNEY FOR THE DEFENDANT

dated November 6, 2007 (the "Document") on the attorneys for the Plaintiff and to the Defendant, Heys USA, Inc., by mailing a copy of the Document addressed as set forth below:

Heys USA, Inc.
7950 NW 77th Street -Bldg C, Suite 1
Miami FL  33166

Steven C. Bennett, Esq. (SB 6380)
Bennett Offices
Law Offices of Steven Cullen Bennett
521 Fifth Avenue  - Suite 1700
New York NY  10175

Thomas M. Furth, Esq. (TF 0758)
Kudman Trachten Aloe LLP
350 Fifth Avenue, Suite 4400
New York NY  10118

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on November 6, 2007.

*/s/ Carl E. Person*

Carl E. Person